MORGAN LEWIS & BOCKIUS LLP
Richard de Bodo (SBN 128199)
*rich.debodo@morganlewis.com*
1601 Cloverfield Boulevard
Suite 2050 North
Santa Monica, CA 90404
Telephone:   310.255.9055
Facsimile:    310.907.1001

J. Kevin Fee (to be admitted *pro hac vice*)
*jkfee@morganlewis.com*
Jordana S. Rubel (to be admitted *pro hac vice*)
*jrubel@morganlewis.com*
1111 Pennsylvania Ave, NW
Washington D.C. 20004
Telephone:   202.739.5353
Facsimile:    202.739.3001

Attorneys for Plaintiff TOMI
Environmental Solutions, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMI ENVIRONMENTAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIXLOG CORPORATION and ASTRO PAK CORPORATION, <br><br> Defendants. | Case No. 2:16-cv-5916 <br><br> **Complaint for Patent Infringement, False Designation of Origin, Unfair Competition, False Advertising, and Cancellation of Trademark** <br><br> **Demand for Jury Trial** |

TOMI's Complaint                                                    Case No. 2:16-cv-5916

**COMPLAINT**

Plaintiff, TOMI Environmental Solutions, Inc., by its attorneys, Morgan, Lewis & Bockius LLP, brings this action against SixLog Corporation and Astro Pak Corporation (collectively, "Defendants"), and alleges as follows:

**THE PARTIES**

1.     Plaintiff, TOMI Environmental Solutions, Inc. ("TOMI"), is a Florida corporation with its principal place of business at 9454 Wilshire Boulevard, Beverly Hills, California 90212.

2.     Upon information and belief, Defendant SixLog Corporation ("SixLog") is a Delaware corporation with its principal place of business at 270 East Baker Street, Suite 100, Costa Mesa, California 92626. Upon information and belief, SixLog specializes in providing biological decontamination and sterilization services.

3.     Upon information and belief, Defendant Astro Pak Corp. ("Astro Pak") is a Delaware corporation with its principal place of business at 270 East Baker Street, Suite 100, Costa Mesa, California 92626. Upon information and belief, Astro Pak also provides biological decontamination and sterilization services. Upon information and belief, SixLog is a wholly owned subsidiary of Astro Pak and is controlled by Astro Pak.

**JURISDICTION AND VENUE**

4.     This is an action for patent infringement in violation of 35 U.S.C. § 1, *et seq.*; for false designation of origin and false advertising in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; and for violations of California Business & Professions Code § 17200 and § 17500.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a). This Court has supplemental jurisdiction over TOMI's state law claims under 28 U.S.C. § 1367(a). These claims are so related to the other claims in this case that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.     Defendants are subject to personal jurisdiction in this District because, among other reasons, their principal places of business are in this District; they regularly and systematically conduct business in this District; and/or they have purposefully directed their activities at this District, including, without limitation, activities and actions relating to TOMI.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

- 2 -

**FACTUAL BACKGROUND**

8.     TOMI is a global bacteria decontamination and infectious disease control company that provides environmentally safe solutions for decontamination of indoor surfaces. On information and belief, TOMI and Defendants are direct competitors because both sell and use equipment for biological decontamination.

9.     TOMI owns all rights, title, and interest in and to U.S. Patent No. 6,969,487 (the "'487 patent"), titled "Denaturing of a Biochemical Agent Using an Activated Cleaning Fluid Mist," which duly and legally issued on November 29, 2005. A copy of the '487 patent is attached as Exhibit 1.

10.   The '487 patent is directed, among other things, to a process that produces an activated cleaning fluid mist comprised of activated ionized hydrogen peroxide that neutralizes biochemical contaminants, such as bacteria, viruses, toxins, and chemical agents.

11. TOMI owns all rights, title, and interest in and to U.S. Patent No. 7,008,592 (the "'592 patent"), titled "Decontamination Apparatus and Method Using an Activated Cleaning Fluid Mist," which duly and legally issued on March 7, 2006. A copy of the '592 patent is attached as Exhibit 2.

12.   The '592 patent is directed, among other things, to equipment that produces an activated cleaning fluid mist comprised of activated ionized

\\sfappfs1\sm$\arringjl\Documents\Pfizer Drafts\Pfizer 337 MSJ Notice of Motion.docx

hydrogen peroxide that decontaminates various locations, as well as to methods for performing decontamination.

13.   TOMI also manufactures and sells a cleaning fluid that can be used in its patented process and apparatus. TOMI sells the cleaning fluid under the trademark SteraMist™.

14.   TOMI sold equipment to Defendants for use in providing biological decontamination services. The equipment contained stickers that depicted various trademarks owned by TOMI, including the marks SteraMist™, TOMI™, and a TOMI ENVIRONMENTAL SOLUTIONS logo.

15.   Upon information and belief, Defendants did not merely use TOMI's equipment to provide decontamination services to others, but also sold or otherwise provided some equipment to third parties.

16.   Before shipping TOMI equipment to at least some of Defendants' own customers, Defendants, without TOMI's permission, removed the stickers depicting TOMI's trademarks from the equipment and replaced them with stickers that depicted SixLog's name and logo.

17.   Upon information and belief, Defendants, without TOMI's permission, also made and/or caused to be made additional decontamination equipment that could be used to practice TOMI's patented technology. Upon information and belief, Defendants, without TOMI's permission, sold, offered

\\sfappfs1\sm$\arringjl\Documents\Pfizer Drafts\Pfizer 337 MSJ Notice of Motion.docx

for sale, leased, and/or caused to be sold, offered for sale, and/or leased this equipment and used it and/or caused it to be used to practice the '487 patent and the '592 patent.

18.   Defendants, without TOMI's permission, included in their marketing materials photographs of TOMI equipment or the additional decontamination equipment they caused to be made on which they placed stickers depicting SixLog's name and logo. Attached as Exhibit 3 are excerpts from a SixLog marketing brochure that show examples of TOMI equipment and/or additional decontamination equipment on which Defendants placed SixLog's name and logo.

19.   TOMI has informed Defendants it will no longer provide them TOMI's technology, equipment, or solution.

20.   Astro Pak Corp. registered the term iHP, which is an acronym for ionized hydrogen peroxide, as a service mark with the U.S. Patent and Trademark Office in connection with "biological decontamination services." The iHP designation is registered under U.S. Trademark Registration No. 3,917,962.

21.   Upon information and belief, SixLog uses the iHP designation pursuant to a license with Astro Pak. For that license to be valid, Astro Pak must exercise quality control over SixLog's use of the iHP designation.

- 5 -

22.   Defendants use the iHP designation, with the ® symbol, in a false and/or misleading manner. They use the iHP® designation to refer to TOMI's patented decontamination technology and process, which TOMI owns, not Defendants. *See, e.g.*, Ex. 4 (defining iHP as "a revolutionary new advancement in Hydrogen Peroxide based bio decontamination technology" and a "patented process").

23.   Defendants have also made numerous false and/or misleading statements improperly representing themselves as the source and owner of TOMI's technology and products.

24.   Upon information and belief, Defendants posted numerous marketing materials on their websites or other websites in which they describe iHP as Defendants' proprietary technology or Defendants' technology. For example, Exhibit 5 depicts a page from SixLog's website which states that SixLog provides biological decontamination and sterilization solutions utilizing "our proprietary iHP® (ionized hydrogen peroxide) technology ...."

25.   Attached as Exhibit 6 is a page from SixLog's website that states: "The iHP® technology provides room and area disinfection/sterilization using our patented misting system ...."

26.   Attached as Exhibit 7 is an article that was posted on SixLog's website that contains the headline "SixLog's iHP® Technology successfully

employed in airflow streams thanks to its widespread distribution qualities and its ability to be easily contained."

27.   Attached as Exhibit 8 is an article that was posted on SixLog's website titled: "Norovirus Surrogate Test Exposure to SixLog's iHP™ (ionized Hydrogen Peroxide) Decontamination Technology." The article also refers to "SixLog's iHP decontamination technology."

28.   Attached as Exhibit 9 is an article that was posted on SixLog's website that contains the headline: "Multi-National BioScience Giant Employs SixLog's iHP® Technology."

29.   The specimen Astro Pak Corp. provided to the U.S. Patent and Trademark Office in support of its trademark application consists of an excerpt from a SixLog brochure, which also describes the iHP technology as "our proven iHP™ technology" and "our process." A copy of that specimen is attached as Exhibit 10.

30.   Similarly, at trade shows and in pitches to prospective customers, Defendants have made false and/or misleading statements asserting they were the owners of TOMI's technology and patented decontamination process.

31.   SixLog's website contains a hyperlink titled "EPA registration of iHP®." Upon information and belief, Defendants' characterization of the document to which this hyperlink links as a registration of iHP is false. The

- 7 -

hyperlink links to a PDF of the U.S. Environmental Protection Agency's

registration of L3 Communications' Binary Ionization Technology, which is

now owned by TOMI, and relates to TOMI's SteraMist™ product, not any

product owned by Defendants. A copy of the PDF is attached as Exhibit 11.

32.  Exhibit 12 is a printout of a page from Astro Pak's website that

describes iHP as SixLog's technology.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,969,487)**
**(Against Defendants)**

33.  TOMI realleges and incorporates by reference the allegations

contained in all prior and subsequent paragraphs.

34.  Based on information and belief, Defendants' decontamination and

sterilization services directly infringe at least claim 1 of TOMI's '487 patent.

35.  Based on information and belief, Defendants indirectly infringe at

least claim 1 of TOMI's '487 patent. Based on information and belief,

Defendants have induced infringement of the '487 patent by improperly

providing their direct and indirect customers with decontamination equipment

and encouraging and instructing them to use methods and to sell and offer for

sale services that infringe at least claim 1 of the '487 patent. Upon information

and belief, Defendants improperly provided their customers with

decontamination equipment with the intent, awareness, and/or knowledge

that they would use it in a manner that directly infringes the '487 patent, and they aided and abetted their customers to directly infringe the '487 patent.

36.   Upon information and belief, Defendants' actions also constitute contributory infringement of the '487 patent. Upon information and belief, the decontamination equipment improperly provided by Defendants are not staple articles of commerce; they are not suitable for substantial noninfringing use; they are especially made or especially adapted for use in directly infringing the '487 patent, and/or are configured only for infringing use.

37.   Upon information and belief, Defendants have possessed knowledge of the '487 patent for years. At least as early as 2010, Defendants referred to the technology at issue as a "patented misting system," referencing the '487 patent among others.

38.   Defendants' infringement has been willful and deliberate. Their infringement has injured and damaged and continues to injure and damage TOMI.

39.   TOMI is also entitled to a determination that this is an exceptional case and to recover reasonable attorneys' fees.

40.   Defendants' acts of infringement will continue, irreparably damaging TOMI, unless and until enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,008,592)**
**(Against Defendants)**

41.   TOMI realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs.

42.   Based on information and belief, Defendants' improper manufacture, having made, use, sale and offer for sale of decontamination systems and equipment directly infringes at least independent claim 1 of the '592 patent.

43.   Based on information and belief, Defendants' decontamination and sterilization services directly infringe at least claim 14 of the '592 patent.

44.   Based on information and belief, Defendants also indirectly infringe at least claim 14 of the '592 patent. Based on information and belief, Defendants have induced infringement by improperly providing their direct and indirect customers with decontamination equipment and encouraging and instructing them to use methods and to sell and offer for sale services that infringe at least claim 14 of the '592 patent. Upon information and belief, Defendants improperly provided their customers with decontamination equipment with the intent, awareness, and/or knowledge that they would use it in a manner that directly infringes the '592 patent, and they aided and abetted their customers to directly infringe the '592 patent.

- 10 -

45.   Defendants' actions also constitute contributory infringement of at least claim 14 of the '592 patent. Upon information and belief, the decontamination equipment improperly provided by Defendants are not staple articles of commerce; they are not suitable for substantial noninfringing use; they are especially made or especially adapted for use in directly infringing the '592 patent, and/or are configured only for infringing use.

46.   Upon information and belief, Defendants have possessed knowledge of the '592 patent for years. At least as early as 2010, Defendants referred to a "patented misting system," referencing the '592 patent among others. Based on information and belief, Defendants have induced infringement by inducing their direct and indirect customers to infringe at least claims 1 and 14 of the '592 patent.

47.   Defendants' infringement has been willful and deliberate, and it has injured and damaged and continues to injure and damage TOMI.

48.   TOMI is also entitled to a determination that this is an exceptional case and to recover reasonable attorneys' fees.

49.   Defendants' acts of infringement will continue, irreparably damaging TOMI, unless and until enjoined by this Court.

- 11 -

**THIRD CLAIM FOR RELIEF**
**(Reverse Passing Off/False Designation of Origin – 15 U.S.C. § 1125(a))**
**(Against Defendants)**

50.   TOMI realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs.

51.   TOMI offers for sale in the United States equipment and products bearing the name and trademarks of TOMI. TOMI has neither licensed the right to rebrand its products, nor given permission to any third party to affix its name or brand on any TOMI product.

52.   Defendants' removal of TOMI's trademarks and replacement of SixLog's name and logo on the equipment constitutes a false designation of origin and/or misleading description or representation of fact that is likely to cause confusion, cause mistake, or to deceive as to (a) the affiliation, connection, or association of TOMI's products with Defendants, and/or (b) the origin, sponsorship, or approval of the manufacture of TOMI's products by Defendants. Consumers are likely to be deceived as to the origin of the goods offered for sale by Defendants by virtue of the presence of SixLog's name and logo on the goods. Defendants do not have authority, permission or a license to affix any other name, brand or affiliation onto TOMI's products. Such conduct is a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.   TOMI is informed and believes that as a result of Defendants' conduct, Defendants have been, and will continue to be, unjustly enriched by profits Defendants made in connection with their distribution and/or sale of TOMI's equipment.

54.   As a direct and proximate result of Defendants' conduct, TOMI has suffered monetary harm in an amount not yet determined.

55.   Defendants' conduct was in conscious and willful disregard for TOMI's rights, such that a trebling of damages is warranted.

56.   TOMI is also entitled to a determination that this is an exceptional case and to recover reasonable attorneys' fees.

57.   In addition, TOMI has suffered, and if Defendants are permitted to continue their conduct, TOMI will continue to suffer, irreparable harm. This harm includes a reduction to the distinctiveness of the TOMI and SteraMist products, brand and reputation that cannot be remedied through damages and for which there is no adequate remedy at law, such that injunctive relief is necessary.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition: Cal. Bus. & Prof. Code § 17200 *et seq*)**
**(Against Defendants)**

58.   TOMI realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs.

- 13 -

59.   Defendants' conduct, as alleged above, constitutes unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq*.

60.   Without permission, consent, or a license, Defendants rebranded TOMI's equipment as SixLog products. Such conduct is likely to cause confusion among consumers in California as to the source, origin or affiliation of TOMI's equipment.

61.   TOMI is informed and believes that as a result of Defendants' conduct, Defendants have been, and will continue to be, unjustly enriched by profits Defendants made in connection with their distribution and/or sale of TOMI equipment.

62.   As a direct and proximate result of Defendants' conduct, TOMI has suffered monetary harm in an amount not yet determined.

63.   TOMI has suffered, and if Defendants are permitted to continue their conduct, TOMI will continue to suffer, irreparable harm. This harm includes a reduction to the distinctiveness of the TOMI and SteraMist products, brand and reputation that cannot be remedied through damages and for which there is no adequate remedy at law, such that injunctive relief is necessary.

**FIFTH CLAIM FOR RELIEF**
**(False Advertising in Violation of Section 43(a) of 15 U.S.C. § 1125(a))**
**(Against Defendants)**

64.  TOMI realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs.

65.  Defendants made false and/or misleading statements of fact by claiming and/or implying that they are the source and owner of TOMI's technology, equipment, and products used for biological decontamination.

66.  Defendants' false and/or misleading statements of fact constitute false advertising through statements and representations that are literally false and/or that convey a false impression or are otherwise misleading.

67.  Defendants disseminated their false and/or misleading statements of fact through interstate commerce through their websites and communications with customers and potential customers.

68.  Defendants' dissemination of false and/or misleading statements of fact has actually deceived and/or has a tendency to deceive a substantial segment of TOMI and Defendants' customers and potential customers.

69.  Defendants' dissemination of false and/or misleading statements of fact is material in that it has influenced and/or is likely to influence the purchasing decisions of TOMI and Defendants' customers and potential customers.

- 15 -

70.   Defendants' dissemination of false and/or misleading statements of fact was willful and intentional, with the knowledge of the falsity and/or misleading nature of the statements and the knowledge that the statements had the tendency to deceive a substantial segment of prospective purchasers.

71.   Because Defendants are, on information and belief, direct competitors or TOMI, Defendants' dissemination of false and/or misleading statements of fact has caused and/or is likely to cause TOMI to suffer a competitive disadvantage and the loss of sales to prospective purchasers who were deceived by Defendants' conduct.

72.   Defendants' conduct constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(B) because it constitutes a misrepresentation of the nature, characteristics, qualities or geographic origin of Defendants' products in commercial advertising or promotion.

73.   As a direct and proximate cause of Defendants' violation of 15 U.S.C. § 1125(a)(1)(B), TOMI's business, goodwill and reputation have been damaged, and TOMI has lost, and is likely to continue to lose, sales and profits.

74.   As a direct and proximate result of Defendants' conduct, TOMI has suffered monetary harm in an amount not yet determined.

- 16 -

75.   Due to the willfulness of Defendants' conduct, the damages sustained by TOMI as a result of Defendants' conduct should be trebled in accordance with 15 U.S.C. § 1117(a).

76.   TOMI is also entitled to a determination that this is an exceptional case and entitled to recover reasonable attorneys' fees.

77.   TOMI has suffered, and if Defendants are permitted to continue their conduct, TOMI will continue to suffer, irreparable harm for which there is no adequate remedy at law, such that injunctive relief is necessary.

**SIXTH CLAIM FOR RELIEF**
**(False Advertising in Violation of Cal. Bus. & Prof. Code § 17500 *et seq*.)**
**(Against Defendants)**

78.   TOMI realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs.

79.   Defendants' conduct as described herein constitutes a violation of Cal. Bus. & Prof. Code § 17500.

80.   Pursuant to Cal. Bus. & Prof. Code § 17500, TOMI is entitled to record monetary damages including, but not limited to, statutory penalties of $2,500 per violation.

81.   TOMI is entitled to an award of attorneys' fees as a private attorney general pursuant to Cal. Code Civ. P. § 1021.5.

82.   TOMI has suffered, and if Defendants are permitted to continue their conduct, TOMI will continue to suffer, irreparable harm for which there is no adequate remedy at law, such that injunctive relief is necessary.

**SEVENTH CLAIM FOR RELIEF**
**(Cancellation of iHP Trademark Registration)**
**(Against Astro Pak)**

83.   TOMI realleges and incorporates by reference the allegations contained in all prior and subsequent paragraphs.

84.   Astro Pak owns U.S. Trademark Reg. No. 3,917,962 for the iHP designation in connection with "biological decontamination services."

85.   The designation iHP is an acronym for "ionized hydrogen peroxide."

86.   The term "ionized hydrogen peroxide" refers to a mist for biological decontamination that is created using TOMI's patented process and equipment.

87.   Ionized hydrogen peroxide is the category name of a particular type of material used for biological decontamination.

88.   On information and belief, purchasers of AstroPak's services understand the phrase "ionized hydrogen peroxide" to refer to a type of hydrogen peroxide that is ionized, not a source.

89.   "Ionized hydrogen peroxide" is not capable of distinguishing Astro Pak's services pursuant to 15 U.S.C. § 1091 because it is a generic phrase.

- 18 -

90.   If it is not generic, the phrase "ionized hydrogen peroxide" is merely descriptive of the services in the registration because it is an ingredient, characteristic, and feature of the materials used by Astro Pak to provide its biological decontamination services.

91.   TOMI and other third parties have the right to use the term "ionized hydrogen peroxide" or the acronym iHP in connection with describing the mist for biological decontamination that is created using TOMI's patented process, equipment, and materials.

92.   When used on or in connection with Astro Pak's services, the designation iHP is merely descriptive of Astro Pak's services and cannot function as a trademark absent a showing of secondary meaning under Section 2(f) of the Trademark Act of 1946, 15 U.S.C. § 1052(f).

93.   The designation iHP has not acquired secondary meaning signifying Astro Pak as the exclusive source of the relevant services.

94.   The specimen Astro Pak submitted with its Statement of Use states that iHP is "a hydrogen peroxide based technology" and repeatedly refers to "iHP technology." *See* Ex. 10. The specimen does not demonstrate use of the iHP designation as a service mark used by Astro Pak in connection with offering or providing biological decontamination services.

- 19 -

95.   Upon information and belief, at the time Astro Pak submitted its Statement of Use, Astro Pak used the iHP designation solely as the name of a method, process, system or technology for decontamination, not as a source identifier for the provision of biological decontamination services.

96.   Upon information and belief, Astro Pak continues to use the iHP designation as the name of a method, process, system or technology for decontamination, not as a source identifier for the provision of biological decontamination services.

97.   Astro Pak's use of the iHP designation therefore did not and does not function as a service mark.

98.   The technology and equipment that are necessary to create ionized hydrogen peroxide that is critical to Astro Pak's ability to deliver the services identified in the registration is patented by TOMI.

99.   The solution that Astro Pak must use with TOMI's patented technology and equipment to create the ionized hydrogen peroxide that is critical to Astro Pak's ability to deliver the services identified in the registration is also proprietary to TOMI.

100.   TOMI has informed Defendants that it will no longer provide TOMI's technology and equipment or its solution to Defendants. Therefore,

\\sfappfs1\sm$\arringjl\Documents\Pfizer Drafts\Pfizer 337 MSJ Notice of Motion.docx

Astro Pak will not be able to use ionized hydrogen peroxide in connection with the delivery of its biological decontamination services.

101.   To the extent that Astro Pak uses ionized hydrogen peroxide that it acquires from a source other than TOMI in connection with its biological decontamination services, Astro Pak's use of the ionized hydrogen peroxide will be illegal and cannot be the basis for the maintenance of the trademark registration or for the continued maintenance of bona fide trademark rights.

102.   For the reasons set forth above, TOMI requests that U.S. Trademark Reg. No. 3,917,962 should be cancelled.

**PRAYER FOR RELIEF**

WHEREFORE, TOMI requests that judgment be entered in its favor and against Defendants as follows:

A.     Adjudicating and declaring that Defendants have infringed the '487 patent and the '592 patent;

B.     Adjudicating and declaring that Defendants' conduct violates 15 U.S.C. § 1125(a) and constitutes false designation of origin;

C.     Adjudicating and declaring that Defendants' conduct violates Cal. Bus. & Prof. Code §17200 *et seq*.;

- 21 -

D.   Adjudicating and declaring that Defendants' conduct constitutes false advertising in violation of 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code §17500 *et seq.*;

E.   Preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, parents, subsidiaries, principals and all persons in active concert or participating with them from further infringement of the '487 patent and the '592 patent;

F.   Preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, employees, parents, subsidiaries, principals and all persons in active concert or participating with them from (1) removing TOMI's trademarks from TOMI's equipment and replacing them with SixLog's name and logo; (2) otherwise stating or implying that TOMI's equipment originates with or is associated with, sponsored by or affiliated with Defendants;

G.   Preliminarily and permanently enjoining Defendants and their officers, directors, agent, servants, employees, parents, subsidiaries, principals and all persons in active concert or participating with them from making any false or misleading

- 22 -

statement to consumers and potential consumers, including, but

not limited to, statements that indicate or suggest that Defendants

are the owners of TOMI's proprietary technology, equipment, and

products that utilize activated ionized hydrogen peroxide for

biological decontamination;

H.      Issuing an order requiring Defendants to: (1) recall all TOMI

equipment they sold and/or distributed to third parties from

which they removed TOMI's trademarks and replaced them with

SixLog's name and logo; (2) recall all similar infringing equipment

Defendants made or caused to be made and sold or otherwise

provided to third parties; and (3) destroy all literature, catalogs,

signs, advertising or marketing materials, and the like that contain

images of TOMI equipment from which SixLog removed TOMI's

trademarks and replaced them with SixLog's name and logo, or

images of similar infringing equipment, and/or that contain false

and/or misleading statements that indicate or suggest that

Defendants are the owners of TOMI's proprietary technology,

equipment, and products that utilize activated ionized hydrogen

peroxide for biological decontamination; and (4) issue a public

statement to all of Defendants' customers recognizing that TOMI is

TOMI's Complaint                                                    Case No. 2:16-cv-5916

\\sfappfs1\sm$\arringjl\Documents\Pfizer Drafts\Pfizer 337 MSJ Notice of Motion.docx

the owner of the technology, equipment, and products that utilize

activated ionized hydrogen peroxide for biological

decontamination;

I.     Cancelling U.S. Trademark Reg. No. 3,917,962 for the iHP

designation.

J.     Ordering an award of restitution, unjust enrichment, actual

damages, statutory damages and compensatory damages in an

amount to be determined at trial, together with pre- and post-

judgment interest;

K.     Awarding TOMI compensation for its own corrective advertising

efforts in response to Defendants' false advertising;

L.     Awarding TOMI treble, exceptional, increased and/or punitive

damages;

M.     Awarding TOMI reasonable litigation expenses and costs of this

action;

N.     Awarding TOMI reasonable attorneys' fees; and

O.     Ordering or awarding any other such relief the Court deems just

and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated: August 8, 2016          Respectfully Submitted,

                                           MORGAN, LEWIS & BOCKIUS LLP

                                           /s/ Richard de Bodo
                                                Richard de Bodo

                                           Attorneys for Plaintiff TOMI
                                           Environmental Solutions, Inc.

**OF COUNSEL**

J. Kevin Fee
Jordana S. Rubel
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  202.739.5353
Facsimile:   202.739.3001

Attorneys for Plaintiff
TOMI Environmental Solutions, Inc.

- 25 -